IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



LYNN WOODARD,

PLAINTIFF,

v.  CIVIL CASE NO. 2:09CV400

MICHAEL J. ASTRUE,
Commissioner of Social Security,

DEFENDANT.

## ORDER

This matter comes before the Court on Michael J. Astrue's ("Defendant" or "Commissioner") Objections to the Report and Recommendation of the Magistrate Judge. Doc. 27. For the reasons explained below, the Court **OVERRULES** Defendant's objections and **ADOPTS** the Magistrate Judge's Report & Recommendation ("Doc. 27" or "R&R").

### I. BACKGROUND[1]

Defendant does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, inter alia, the following facts. Lynn Woodard ("Plaintiff" or "Woodard") is fifty-one (51) years old and has not been engaged in substantial gainful activity since March 16, 2007, her alleged onset date of disability. R&R at 2. Woodard claimed heart disease, depression, anxiety disorder, arthritis, and partial blindness limits her ability to continue work. Id. at 3. Of specific focus in this case, Woodard underwent a mental

---

[1] This background does not reflect the complete procedural and factual history, but only those proceedings and facts relevant to the present objections. The Court accepts as fact the procedural history and factual background set forth by the Magistrate Judge in his Report and Recommendation, insofar as they are not objected to by the parties.

1

health evaluation with Dr. Mark Long in December 2008. Id. at 4. Dr. Long diagnosed Woodard with a major depressive disorder and generalized anxiety disorder. Id. According to Dr. Long, Woodard's mental health disorders, coupled with physical limitations, resulted in functional impairments. Id. at 4–5.

Woodard filed an application for disability insurance benefits on April 5, 2007. Her application was denied by the State Agency on August 8, 2007 and upon reconsideration on December 6, 2007. Id. at 2. A hearing was held before an administrative law judge ("ALJ") on January 12, 2009, and a Vocational Expert ("VE") attended, but was not called to testify. Id. On March 10, 2009, the ALJ issued a decision denying Woodard's claim. Id. Woodard timely commenced the instant action for judicial review, pursuant to 42 U.S.C. § 405(g), after exhausting her administrative remedies. Id.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. FED. R. CIV. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

In exercising de novo review, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996))

2

(internal quotation mark omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (quoting Craig, 76 F.3d at 589) (internal quotation mark omitted) (final alteration in original). Thus, if the Court finds that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the ALJ's factual findings must be upheld.

## III. ANALYSIS

Defendant presents two (2) objections. First, Defendant contends that Plaintiff's Complaint, Doc. 3, fails to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). Second, Defendant claims that substantial evidence supports the ALJ's denial of benefits and that the Magistrate Judge improperly re-weighed the evidence in reaching his recommendation.

Defendant's first objection deserves short shrift. Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted under the heightened pleading requirements of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). Defendant correctly states that Federal Rule of Civil Procedure 8 entitles a Defendant to a fair notice of the claims on which the Plaintiff seeks review in order to withstand a motion to dismiss. Without question, the United States Supreme Court ("Supreme Court") stated in Iqbal that Twombly sets the pleading standards for "all civil actions." Iqbal at 1953. Importantly, however, the Supreme Court advised when determining whether a complaint

3

states a plausible claim for relief, the reviewing court may "draw on its judicial experience and common sense," in this "context-specific task." Iqbal, 129 S. Ct. at 1950.

A District Judge was recently presented with the same objection based on an identically drafted complaint in another social security appeal. See Brady v. Astrue, No. 2:09cv242, 2010 WL 3063138 (E.D. Va. July 30, 2010). There, the District Judge applied Iqbal's common sense instruction and explained, "[C]ommon sense and judicial experience militate in favor of a simplified complaint that does not recite the factual basis that is presented in the accompanied administrative record." Id. at *2. The court went on to state:

> The Plaintiff clearly seeks judicial review of the Commissioner of the Social Security Administration's final decision to deny Plaintiff's claim for benefits. Furthermore, the complaint alleges that the available administrative remedies have been exhausted, thereby providing appropriate jurisdiction, and it appears as though the complaint was timely filed. Plaintiff has stated a plausible claim such that Defendant is provided notice of the specific grounds on which Plaintiff is entitled to relief. Accordingly, Defendant's objection is overruled.

Id. Woodard has similarly stated a claim upon which relief can be granted when considered in context of the administrative record. While Defendant believes that he did not receive fair notice of Woodard's claims, Doc. 28 at 4, documents whose contents are alleged in a complaint and whose authenticity no party questions may be considered in ruling on a motion to dismiss. See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). Finding no reason to depart from the foregoing analysis, the Court **OVERRULES** Defendant's first objection.

Turning to the second objection, Defendant argues that the Magistrate Judge "improperly re-weighed the evidence" and "found that the ALJ erred by relying upon the grid rules for a finding of not disabled, rather than obtaining vocational expert testimony." Doc. 28 at 6. In evaluating whether a claimant is entitled to disability benefits, the ALJ must follow a five-step

4

sequential evaluation of disability set forth in the Social Security regulations, which involve determining whether Woodard:

> (1) is engaged in a substantial gainful activity; (2) has a severe impairment, (3) has an impairment that equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents her from any substantial gainful employment.

See 20 C.F.R. § 416.920. An affirmative answer to question one or a negative answer to question two or four results in a determination of no disability. An affirmative answer to question three or five establishes disability. If the claimant is not engaged in substantial gainful activity and is found to have one or more severe impairments that are not listed within the Social Security Administration's official listing of impairments, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is defined as the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Here, the ALJ found that Woodard has a combination of severe exertional and nonexertional limitations, including ischemic heart disease, diabetes, hypertension, major depressive disorder, and generalized anxiety disorder. R&R at 8. Although the ALJ found Woodard's nonexertional limitations to be severe at Step Two of the sequential evaluation, he did not call the VE to testify, who was present at the hearing, and the ALJ concluded that Woodard was not disabled. On review, the Magistrate Judge found that the Commissioner "failed to follow Fourth Circuit law directing the calling of a vocational expert to testify where it is unclear whether a nonexertional limitation would affect a Plaintiff's RFC." R&R at 10.

The Magistrate Judge correctly stated that that an ALJ may use the Medical-Vocational Guidelines ("the grids") to aid in the determination of a claimant's exertional ability, but that the grids are only guidelines, or rather, a "starting point," when the claimant suffers from

5

nonexertional impairments. If it is clear that the nonexertional limitation would have little or no effect, however, the ALJ can resort to the grids in making a final determination. But because the ALJ found in the instant case that Woodard suffered from two nonexertional limitations, which he considered to be severe, "[q]uestions remain as to how much and to what extent these limitations could possibly erode the ability to participate in sedentary or light work." R&R at 17. The VE is the one best suited to answer those questions. The Court thus **FINDS** that the Magistrate Judge appropriately addressed the ALJ's failure to elicit testimony from the VE. Accordingly, the Court **FINDS** that Defendant has raised no grounds warranting this Court's departure from the recommendations as stated in the Magistrate Judge's report.

## IV. CONCLUSION

This Court has carefully and independently reviewed the relevant record in this case and the objections to the Report. Having done so, the Court **FINDS** that there is no meritorious reason to sustain Defendant's objections. The Court therefore **OVERRULES** Defendant's objections, and **ADOPTS**, in its entirety, the Magistrate Judge's Report and Recommendation. The Court **DENIES** Defendant's Motions for Judgment on the Pleadings and Summary Judgment; **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Summary Judgment; and **AFFIRMS** the Recommendation of the Magistrate Judge that the action be **REMANDED** for additional fact finding consistent with this Order and the Magistrate Judge's report.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA

Date: _February 1_, 2011